IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS BERRY,<br><br>               Plaintiff,<br><br>v.<br><br>VAN RU CREDIT,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:15-cv-150<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

      This matter was referred to Magistrate Judge Paul M. Warner by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court are (1) Douglas Berry's ("Plaintiff") motion to compel recordings,[1] and (2) Plaintiff's motion to amend the scheduling order.[2]

      Plaintiff asserts that Van Ru Credit ("Defendant") failed to provide all of the recordings requested by Plaintiff until immediately before Defendant's rule 30(b)(6) deposition.  Plaintiff seeks an order compelling Defendant to produce all recordings, as well as for attorneys fees and costs incurred in filing this motion.  In response, Defendant contends that Plaintiff failed to conduct an informal conference to settle this dispute as required by local rule 37-1, nor did he comply with that rule's requirements.  *See* DUCivR 37-1.  Defendant further asserts that that it informed Plaintiff that it would produce the recordings of all conversations between Defendant and Plaintiff related to the terms of the loan rehabilitation, the subject of Plaintiff's complaint,

---

[1] *See* docket no. 20.

[2] *See* docket no. 21.

but not all recordings. And, Defendant contends, Plaintiff did not express any issue with that assertion until the rule 30(b)(6) deposition. However, since the filing of the instant motion, Defendant states that it has now produced all requested recordings.

Because Defendant has now produced all requested recordings, this court concludes that Plaintiff's motion to compel is rendered **MOOT**. In addition, the court declines to award sanctions in this matter.

Plaintiff further requests an order extending the litigation deadlines by several months due to Defendant's failure to provide all of the recordings. Specifically, Plaintiff seeks an additional two months for fact discovery and to amend pleadings, four months for expert discovery, and five months for dispositive motions. Plaintiff also seeks an extension to re-depose Defendant's 30(b)(6) witness.

Defendant opposes amending the scheduling order. Defendant contends that at the original deposition, Plaintiff's counsel "proceeded to shout at defense counsel and Defendant's representative regarding additional call recordings he felt he was entitled to receive and then abruptly ended the telephonic deposition by hanging up without any notice."[3] Defendant asserts that there was no discussion of re-deposing Defendant's 30(b)(6) witness, who appeared and was ready to participate. Defendant argues that Plaintiff should not be afforded additional time to complete the deposition when it was his counsel's decision to cut the deposition short.

While the court understands Defendant's position, it is not persuaded by it. Furthermore, the court notes that this is the first request by either party to amend the scheduling order and there is no apparent prejudice by doing so. Accordingly, the court **GRANTS** Plaintiff's motion to amend the scheduling order. In addition, the court will allow Plaintiff to re-depose

---

[3] Docket no. 24.

Defendant's 30(b)(6) witness for the time remaining, as set forth in the original scheduling order. The scheduling order is amended as follows.

(1)  The parties shall meet and confer no later than December 21, 2015 to reschedule Defendant's rule 30(b)(6) deposition to occur by January 11, 2016.  If the parties cannot find a mutually agreeable date for the deposition, the parties shall inform the court and the court will set the date.

(2)  Fact discovery shall be completed by February 5, 2016.

(3)  Expert discovery shall be complete by March 4, 2016.

(4)  Dispositive motion deadline is April 1, 2016.

(5)  Evaluation of case for settlement/ADR by February 5, 2016.

(6)  Plaintiff's Rule 26(a)(3) pretrial disclosures due June 13, 2016, and Defendant's Rule 26(a)(3) pretrial disclosures due June 27, 2016.

(7)  Special Attorney Conference on or before  July 18, 2016.

(8)  Settlement Conference on or before July 18, 2016.

(9)  Final pretrial conference on August 15, 2016, at 2:30 p.m.

(10)  Two-day jury trial to begin on August 29, 2016 at 8:30 a.m.

All other dates in the original scheduling order remain unchanged.

**IT IS SO ORDERED**.

DATED this 10th day of December, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge