IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS BERRY,<br><br>        Plaintiff,<br><br>v.<br><br>VAN RU CREDIT,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-cv-150<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge David Nuffer referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Douglas Berry's ("Plaintiff") motion for leave to amend the complaint[2] and (2) Van Ru Credit's ("Defendant") motion for summary judgment.[3] On June, 24, 2016, this court held a telephonic hearing on the motions. Counsel for Plaintiff, Joshua Trigsted, participated in the telephonic hearing, as did counsel for Defendant, Nicole Strickler. Before the hearing, the court carefully considered the motions, memoranda, and other materials submitted by the parties. After considering the arguments of counsel and taking the motions under advisement, the court renders the following memorandum decision and order.

This action arises out of Defendant's attempts to collect on Plaintiff's student loans that were in default. The Department of Education placed Plaintiff's defaulted student loans with

---

[1] *See* docket no. 22.

[2] *See* docket no. 32.

[3] *See* docket no. 28.

Defendant for collection. Plaintiff alleges that those efforts violated portions of the Fair Debt Collection Practices Act ("FDCPA").

**Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff's motion for leave to amend is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, courts "should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision regarding whether to provide a party leave to amend pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). Furthermore,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

As noted by the Tenth Circuit, the "most important" factor in determining whether to grant a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party." *Id.* at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (quotations and citation omitted). "Most often, this occurs when the amended claims arise

out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Defendant argues that Plaintiff unduly delayed in seeking leave to amend. Specifically, Defendant contends that Plaintiff unduly delayed by waiting at least four months after receiving all requested collection recordings and at least five months after the original deadline for amending pleadings expired. However, this court is not persuaded by Defendant's argument. While Plaintiff could have sought leave to amend immediately after receiving the requested recordings, the court does not believe that this delay was undue or inexcusable. Plaintiff did seek leave to amend within two hours after this court granted his motion to amend the scheduling order, which extended the deadline for amending pleadings to February 5, 2016.[4]

Defendant also asserts that permitting Plaintiff to amend his complaint would be unduly prejudicial. The court is not likewise persuaded by this argument. Although Defendant is likely to experience some inconvenience, even prejudice, from Plaintiff's amended complaint, the court does not believe that any such prejudice is undue. As stated above, courts typically find undue prejudice when the amendment unfairly affects the defendants in terms of preparing a defense to the amendment, like when the new claims are based on subject matter different from the allegations in the original complaint and set forth new facts. *See id.* However, that is not the case here. While the proposed amended complaint alleges additional facts, it does not raise significant new factual issues nor does it set forth completely new causes of action. The four new paragraphs in Plaintiff's proposed amended complaint arise from the same factual circumstances and allege violations of various subsections of the FDCPA.

---

[4] *See* docket nos. 29, 30, and 32.

While this court appreciates Defendant's position, given the very liberal standard of rule 15(a), this court concludes that Plaintiff ought to be allowed an opportunity to amend his complaint. Thus, Plaintiff's motion is granted. The court notes that it is in the interest of judicial economy to hear all of Plaintiff's claims against Defendant in one lawsuit. Furthermore, Defendant may retake Plaintiff's deposition on the amended complaint at Plaintiff's expense. The parties are instructed to contact the court if they cannot agree on a mutually convenient date and/or time for Plaintiff's deposition and the court will set a date. Plaintiff's deposition (along with any additional fact discovery) must occur on or before August 3, 2016.

Based on the foregoing, this court **GRANTS** Plaintiff's motion for leave to file an amended complaint. Plaintiff must file his amended complaint on or before July 6, 2016.

### Defendant's Motion for Summary Judgment

Because this court has now granted Plaintiff's motion for leave to file an amended complaint, Defendant's motion for summary judgment is rendered **MOOT**. That said, should Defendant successfully challenge the instant order permitting Plaintiff to file an amended complaint, Defendant may then refile its motion for summary judgment for the court's consideration.

### Second Amended Scheduling Order

The procedural posture of this case necessitates the issuance of a new scheduling order. Accordingly, the Amended Scheduling Order is amended as follows:

(1)   Deadline to amend pleadings is July 6, 2016.

(2)   Fact discovery shall be completed by August 3, 2016.

(3)   Expert discovery shall be completed by August 17, 2016.

(4) Dispositive motion deadline is September 7, 2016.

The August 29, 2016 trial date and all trial-related deadlines are **VACATED**. If necessary, the parties shall jointly contact the court to reschedule a date for trial within twenty-days after the court rules on any dispositive motions.

**IT IS SO ORDERED**.

DATED this 27th day of June, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge