IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS BERRY,<br><br>Plaintiff,<br><br>v.<br><br>VAN RU CREDIT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-150-DN-PMW<br><br>District Judge David Nuffer<br>Magistrate Judge Paul M. Warner |

The Report and Recommendation[1] issued by United States Magistrate Judge Paul M. Warner on September 11, 2017 recommends[2] that Defendant's Motion for Summary Judgment[3] be granted and Plaintiff's Motion for Partial Summary Judgment[4] be denied.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection[5] was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[6]

Plaintiff's Amended Complaint[7] alleges that an employee of Defendant, Sargon Khayou, failed to "to disclose the caller's corporate identity in a telephone call to Plaintiff in a phone call

---

[1] Report and Recommendation, docket no. 62, filed September 11, 2017.

[2] *Id.* at 21.

[3] Defendant's Motion for Summary Judgment, docket no. 53, filed October 19, 2016.

[4] Plaintiff's Motion for Partial Summary Judgment, docket no. 54, filed October 19, 2016.

[5] Plaintiff's Objection to Report and Recommendations ("Objection"), docket no. 63, filed September 28, 2017.

[6] 28 U.S.C. § 636(b).

[7] Amended Complaint, docket no. 46, filed June 27, 2016.

that took place on August 19, 2014."[8] Because "[t]he representative only stated that he worked for the original creditor, and never mentioned the company name 'Van Ru' at any point during the lengthy conversation[,]"[9] Defendant violated Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692d(6).[10]

The FDCPA provides that "debt collector may not be held liable in any action . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors."[11] To successfully invoke this defense, a defendant must show "that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error."[12] Judge Warner determined in the Report and Recommendation that Defendant was entitled to the *bona fide* error defense because the "evidence of several *other* calls between Mr. Berry and [Defendant's employee] Mr. Khayou, in which Mr. Kahayou provided meaningful disclosure of his identity to Mr. Berry . . . support[ed] Van Ru's assertion that the violation was unintentional."[13] Judge Warner then determined that "Mr. Khayou's identification of Van Ru's client, the Department of Education [in the August 19, 2014 phone call], further demonstrates that any error was in good faith, genuine, and bona fide."[14] Finally, there was ample evidence showing that "Van Ru maintains

---

[8] Amended Complaint at ¶ 11.

[9] *Id.*

[10] *Id.*

[11] 15 U.S.C. § 1692k(c).

[12] *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006).

[13] Report and Recommendation at 20–21 (emphasis added).

[14] *Id.* at 21.

specific and extensive procedures to avoid such errors."[15] Based on these determinations, Judge Warner concluded that "Van Ru is entitled to the bona fide error defense"[16] and that summary judgment was appropriate.[17]

Plaintiff objects to these findings and conclusions and contends that

[T]here is a genuine dispute of fact with regard to whether the evidence on the record makes it impossible for a reasonable trier of fact to find either that: (1) Defendant's employee Sargon[18] intentionally withheld the identity of his employer in the telephone call in order to gain the benefit of seeming to be a direct federal employee; or (2) that Defendant failed to meet its burden of proving that it maintained reasonably adapted procedures for avoiding such violations.[19]

Neither of these contentions is well-founded. Plaintiff does not point to competing material allegations of fact that would appropriately preclude entering summary judgment for the Defendant. Instead, Plaintiff attempts to read differing interpretations into the provided undisputed facts. This represents a disagreement over the legal effect and consequences of the facts and not the material facts themselves. This does not create a material dispute. The objection is overruled. The analysis and conclusion of the Magistrate Judge are correct.

Because Plaintiff only objected to the aforementioned portion of the Report and Recommendations, and because that objection is overruled, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[20] is adopted.

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Plaintiff refers to Mr. Khaou by his first name throughout the objection.

[19] Objection at 1.

[20] Report and Recommendation, docket no. 62, filed September 11, 2017.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[21] ADOPTED and this case is DISMISSED with prejudice. The Clerk shall close the case.

Signed September 29, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[21] Report and Recommendation, docket no. 62, filed September 11, 2017.